**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff - Appellee,<br><br>  v.<br><br>J T WALLENBROCK & ASSOCIATES,<br><br>                Defendant,<br><br>  And<br><br>JAMES H. DONELL,<br><br>                Receiver - Appellant. | No. 12-57009<br><br>D.C. No. 2:02-cv-00808-R-SH<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted July 11, 2014[**]
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BENAVIDES,[***] WARDLAW, and CLIFTON, Circuit Judges.

James H. Donnell, the receiver in this SEC civil enforcement action, appeals the district court's denial of receivership fees for the period of January 1, 2010 to May 31, 2012 and fees for terminating the receivership. The SEC, which stipulated to the fees below, supports the receiver's position that the requested fees were reasonable. We agree and reverse.

In a securities fraud action, the district court may establish a receivership to prevent the defendants from further dissipating the investors' assets. *SEC v. Wencke*, 783 F.2d 829, 837 n.9 (9th Cir. 1986). The court supervises the receiver, who is entitled to reasonable fees and expenses, subject to the court's approval. *See SEC v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986).

The district court abused its discretion in denying fees for the period of January 1, 2010 to May 31, 2012. The receiver attached hundreds of pages of billing statements to establish that the fees were reasonable. The district judge, noting that "[t]he stipulation did not provide for explanation of the fees," appears to have overlooked these attachments. Moreover, the receiver's efforts in this period plainly benefitted investors. He obtained over $800,000 for less than

---

[***] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

$200,000 in fees. We are therefore left with a "definite and firm conviction that the district court committed a clear error of judgment," particularly given the SEC's support for the requested fees. *Valdivia v. Schwarzenegger*, 599 F.3d 984, 988 (9th Cir. 2010).

Likewise, the district court's denial of estimated final fees was an abuse of discretion. In winding down the receivership, the receiver benefitted investors by closing the sale of real property and filing tax returns. Termination is a necessary step of any receivership, and in normal circumstances, the receiver should be reasonably compensated for it. Although the district court's decision to terminate the receivership may have been reasonable, the district court abused its discretion by denying receivership fees for an orderly and beneficial termination.

We reverse and remand with instructions to grant the receiver's fees, as stipulated, for the period of January 1, 2010 to May 31, 2012, and to grant final fees for terminating the receivership. Costs on appeal shall not be taxed against any party. On remand, the receiver's reasonable attorneys' fees and costs incurred from this appeal shall be awarded from the estate.

**REVERSED AND REMANDED**